## Voynik v. Davidson

*David L. Gropp*, for appellant.
*James A. Hickey*, for appellee.

KLEIN, *J.*, January 6, 1975—We have before us petitions to reinstate appeals in the above-captioned cross-suits under Pa. R.C.P.J.P. 1006.

Plaintiff at no. 1262, defendant at no. 1263, timely filed the required notice of appeal in each of said cases and also timely filed the required praecipe to enter rule to file complaint at no. 1263. Further, said party-appellant timely served notice of appeal and rule to file.

The sole deficiency herein was the failure to file proof of service within five days as required by Pa. R.C.P.J.P. 1005B.

Said rule provides:

"The appellant shall file with the prothonotary proof of service of copies of his notice of appeal, and proof of service of a rule upon the appellee to file a complaint if required to request such a rule by Rule 1004B, within five (5) days after filing the notice of appeal."

Pa. R.C.P.J.P. 1001 sets forth definitions as follows:

"(8) Service 'by certified or registered mail' means *the mailing* of properly addressed certified or registered mail.

"(9) 'Proof of service' means a sworn written statement that service was made by personal serv-

ice or by certified or registered mail, with the *sender's* receipt for certified or registered mail attached thereto if service was made by mail." (Emphasis supplied.)

As required by the applicable rules, the Court Administrator of Pennsylvania has prepared a single sheet form which provides for (1) notice of appeal, (2) praecipe to enter rule to file complaint and rule to file and (3) proof of service of notice of appeal and rule to file complaint.

Said latter section of the form states:

"(This proof of service MUST BE FILED WITHIN FIVE (5) DAYS AFTER filing the notice of appeal. . . .)

\* \* \* \* \*

. . . I served . . . by (certified) . . . mail, sender's receipt attached hereto." (Emphasis in original.)

The appeals had been stricken upon praecipe of the appellee under Pa. R.C.P.J.P. 1006 which provides:

"Upon failure of the appellant to comply with Rule 1004A or Rule 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. The court of common pleas may reinstate the appeal upon good cause shown."

Appellant seeks reinstatement of the appeals because the postal service did not return the *recipient's receipt* of certified mail until the ninth day following the appeal and, further, because appellee has suffered no harm or prejudice.

The note appended to Rule 1006 provides:

"This rule is intended to provide sanctions for failing to act within the time limits prescribed. The appeal should be reinstated only under exceptional circumstances."

As the court stated in the case of Cluck v. Geigley, 58 D. & C. 2d 429 (1972):

"Defendant did not comply with the rules governing an appeal from a judgment of the justice of the peace. The rules were promulgated to correct deficiencies in the Minor Judiciary Court Appeals Act of December 2, 1968, (no. 355) 42 PS §3001. That statute was enacted to make uniform the procedure relating to appeals from decisions of the minor judiciary. To make exceptions in this procedure now would be unwise even if permissible, and in view of the mandatory character of the rules here violated we feel that exceptions are impermissible in the absence of fraud or its equivalent: Philadelphia v. Rohm and Haas Company, Inc., 5 Com. Court 287 (1972)."

The result may appear to be harsh in this instance. However, we are concerned with a rule of the Supreme Court and are duty bound to enforce it in these circumstances. The applicable rules were adopted June 1, 1971.

For these reasons, we make the following

## ORDER

And now, January 6, 1975, it is ordered, adjudged and decreed that the petitions of John Voynik, appellant in the above-captioned cases, for reinstatement of appeals, be, and they are hereby denied. The appeals to be stricken by the prothonotary.